Original

CA 07 326

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RAHODE ISLAND

A T

216 Federal Building and
United States Courthouse
One Exchange Terrace

Providence, RI o2903-1779

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION UNDER
28 U.S.C. § 2255;
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE, BY PERSON
IN FEDERAL CUSTODY

JULIAN SAHAGUN RODRIGUEZ,

Defendant/Petitioner,

-vs-

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

United States District Court No. 05-70/R.I.,

OR IN THE ALTERNATIVE

OR CONSIDERATION PURSUANT TO THE FEDERAL RULES
OF CRIMINAL PROCEDURE, RULE 35(a);And Rule 32(a)(1);

CERTIFICATE OF SERVICE BY MAIL

DATED: this 16th, day of August, 2007;

Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000

Julian Rodriguez
JULIAN SAHAGUN RODRIGUEZ,
ID:NO. 05625-070

AO 243 (Rev. 5/85)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions--Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis,* in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis,* you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District OF RHODE ISLAND | |
|---|---|---|
| Name of Movant JULIAN SAHAGUN RODRIGUEZ | Prisoner No. 05625-070 | Case No. 1:05CR00070-01T |
| Place of Confinement Federal Correctional Institution, P.O.Box 5000-Sheridan, OR 97378 | | |

UNITED STATES OF AMERICA V. JULIAN SAHAGUN RODRIGUEZ,
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S.District Court For The District of Rhode Island,

2. Date of judgment of conviction January 27, 2006;

3. Length of sentence (135) Months as to count I and II. to served concurrently.

4. Nature of offense involved (all counts) Conspiracy to Distribute and possess with Intent to Distribute Over 5 Killograms of Cocaine, 21 U.S.C.§846 and Possession with Intent to Distribute Over 5 Killograms of Cocaine 21 U.S.C. § 841(a)(1)and (b)(1)(A) and 18 U.S.C. § 2.

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court United States Court of Appeals for the First Circuit.,

(b) Result Judgment Affirmed -(Appeal was Rejected)

(c) Date of result March 9, 2007;

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court

(2) Nature of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result

(6) Date of result

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result N/A

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☒
(2) Second petition, etc. Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Petitioner was not aware of the fact that, after BLAKELY and BOOKER it became clear that, given the mandatory nature of the guideline, increasing Petitioner's punishment by a jury beyond a reasonable doubt is contrary to his Sixth Eighth and Fourteen-Amendment rights.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

**(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.**

**(b) Conviction obtained by use of coerced confession.**

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The material facts and purity level of the drugs were not alleged in the indictment.

Supporting FACTS (state *briefly* without citing cases or law) Because Petitioner did not Object to his sentence on the grounds that the sentencing guidelines or the proceedures used to determine the material sentencing facts were unconstitutional under APPRENDI, BLAKELY And BOOKER, an error has occurred.

B. Ground two: Petitioner's timely § 2255 motion raises a claim that his Sixth eighth and fourteen-Amendment right to effective assistance of counsel was ~~violated when counsel failed to argue the APPRENDI,BLAKELY~~ and BOOKER, Rule at sentencing.

Supporting FACTS (state *briefly* without citing cases or law): The Sixth Amendment right to counsel is crucial to the "ADVERSARIAL SYSTEM" since counsel's skills and knowledge are necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled.

C. Ground three: Petitioner raises a claim/ground of ineffective assistance of counsel, for which there is no default.

Supporting FACTS (state *briefly* without citing cases or law): Petitioner did not receive effective assistance of counsel because defense attorney's representation fell below an "objective standard of reasonableness" and the deficiencies in his performance were prejudicial to Petitioner's defense.

AO 243 (Rev. 5/85)

Applying BLAKELY/BOOKER retroactively to this motion is a non-issue because they require a reasonable doubt standard for contested

D. Ground four: sentencing issues, which implicates the fundamental fairness and accurancy of the sentencing proceedings under the BOOKER "Advisory system."

Supporting FACTS (state *briefly* without citing cases or law): Petitioner's constitution right to the 14th Amendment tha "protects him against conviction except upon proof beyond a reasonable doubt of every FACT necessary to constitute the crime(s) with which he is charged" was violated.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing RALPH J. PERROTTA
163 Arnold Ave., Cranston, Rhode Island 02905

(b) At arraignment and plea SAME

(c) At trial

(d) At sentencing SAME

AO 243 (Rev. 5/85)

(e) On appeal SAME

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. ~~Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?~~
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) Give date and length of the above sentence:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

SEE ATTACHEMENT:

Ø

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

July 28th, 2007;

(date)

Julian Rodriguez

Julian Sahagun Rodriguez

Signature of Movant

ID:No.05625-070

JULIAN SAHAGUN RODRIGUEZ,
ID:No. 05625-070
Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000
Julian S. Rodriguez;
In Properia Persona;

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JULIAN SAHAGUN RODRIGUZ, Defendant/Petitioner, -vs- UNITED STATES OF AMERICA, Plaintiff/ Respondent, | U.S.D.C. No.05-70/R.I., |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION UNDER 28 U.S.C.§2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, BY A PERSON IN FEDERAL CUSTODY |
| | OR IN THE ALTERNATIVE |
| | OR CONSIDERATION PURSUANT TO THE FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 35(a);:And RULE 32(a)(1); |

FROM THE JUDGMENT ABOVE MOTION ISSUE BY

THE HONORABLE ERNEST C. TORRES
DISTRICT COURT CHIEF JUDGE
o o o o o o o o o o o o o

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
A T

216 Federal Building and
United States Courthouse
One Exchange Terrace
Providence, RI 02903-1779

JULIAN SAHAGUN RODRIGUEZ,
ID:No. 05625-070
Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000
Julian S. Rodriguez;
In Properia Persona;

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JULIAN SAHAGUN RODRIGUEZ,<br>Defendant/Petitioner,<br>-vs-<br>UNITED STATES OF AMERICA,<br>Plaintiff/Respondent, | USDC No.1:05CR00070-01T<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION UNDER 28 U.S.C.§2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, BY A PERSON IN FEDERAL CUSTODY<br><br>OR IN THE ALTERNATIVE OR CONSIDERATION PURSUANT TO THE FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 35(a); and RULE 32(a)(1); |

I.

INTRODUCTION

COMES NOW, Julian Sahagun Rodriguez,[ hereafter known as Rodriguez] and hereby respectfully moves this Honorable Court for an order pursuant to Title 28 U.S.C. §2255, in which the Petitioner seeks to vacate,or set aside, the final judgment imposed by the District of Rhode Island Court, in criminal case number:

[ 1:05CR00070-01T ].

The Petitioner motion to vacate, set aside, or correct sentence, the Judgment insthis case should be granted because the defendant did not recive effective assistance of counsel in this case as mandated by the Sixth Amendment; The Plea entered in this case was not made with a full understanding of the nature of the charged offense(s); and the conviction was obtained by the use of false and misleading information, provided to the petitioner by defense counsel which result in corecion.

## II.

## JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction of this matter under **Title 28 U.S.C. §2255**, which provides that:

**Federal custody: remedies on motion**

**Attacking sentence**

> [A] Prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to **vacate, set aside, or correct the sentence.**

* * * * *

**[A] motion for such relief may be made at any time.**

The Court may correct an illegal sentence at any time under provision of the Federal Rules of Criminal Procedure, Rule 35(a).

////

///

**Rule 32(a)(1),** requires that prior to the sentencing hearing the district court give counsel for the defendant and the attorney for the Government reasonable notice that it is contempl-ating an upward departure from the applicable Guidelines range on a ground not identified as a ground for such departure either in the presentence investigation **("PSR")** report or in a prehearing submission by the Government. This notice must specifically identify the ground on which the district court is contemplating and upward departure. **Burnes -vs- United States,** 51 CCH S.ct. Bull. p. 2721 (index No. 89-7260. June 13, 1991).

**III.**

**ISSUE PRESENTED**

The question in this case is whether the sentencing court erred in departing upward from the applicable Guidelines range established by the **("PSI")** report without having first notified counsel for the defendant and the attorney for the Government a reasonable time before the sentencing hearing that it intended to depart.

///

///

///

///

///

///

///

///

///

## IV.

## STATEMENT OF THE CASE

By an indictment returned on June 8, 2005, Mr.Rodriguez was accused of Conspiracy to Distribute of Cocaine in violation of 21 U.S.C. 846 and possession with Intent to Distribute Over Five Kilograms of Cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) and 18 U.S.C. 2.

On October 14, 2005, Mr.Rodriguez,pled guilty to both counts of the indictment, and on January 27, 2006, he was sentenced to **(135) months** in prison. This appeal followed.

## STATEMENT OF FACTS

**DEA** agents received information that a white and tan RV located at a Burger King restaurant at Eddy Street and Thurbers Avenue, Providence, was carrying a large amount of cocaine. The agents set up a surveillance of the area and an agent observed the driver of the RV exiting his vehicle to meet with a passenger of a dark blue Nissan Maxima. That passenger was later identified as Mr. Rodriguez.

The driver of the RV and Mr.Rodriguez went into the Burger King for about five minutes, then came out together and went into the RV. The RV then pulled out of the Burger King parking lot and onto Eddy Street, and the Maxima followed it. The two vehicles then turned onto Pavilion Street, driving to the corner of Ocean and Nebraska where they both stopped. Mr. Rodriguez was observed exiting the RV carrying a large black duffle bag to the Maxima, putting it into the back seat. He then made two more trips to the

**RV, carrying out a second and a third large, black duffle bags,** which he also placed in the back seat of the Maxima. Finally, he returned to the RV one more time, this time retrieving a white shopping bag, and placing that bag also, in the back seat of the Maxima, He then returned to the RV with a white shopping bag and got in. Shortly afterward, he exited the RV and returned to the Maxima, and the Maxima drove away.

The agents followed the Maxima to 167/169 Lennox Street, **where it parked. Mr. Rodriguez and his driver got out of the Maxima and talked with another man who had approached them as they arrived.** This other man opened the rear door of the Maxima and inspected bags. At that point the three men were arrested and the bags seized. It was later established that the three large duffle bags contained approximately 62 kilograms of cocaine.

Mr.Rodriguez pled guilty pursuant to an agreement with the Government which promised, inter alia, that if Mr. Rodriguez accepted responsibility for the offense his base offense level **would be reduced by three levels to 33, and,further, if he met all** the requirements of the "safety valve" provisions of **U.S.S.G. 5C1.2,** he would be entitled to a further two-level reduction of his offense level to 31 and the court would be authorized to sentence him without regard to the statutory minimum of 120 months imprisonment.

The safety valve requirements, set out in the plea agreement, are as follows:

**1.)** The defendant not have more than one criminal history point;

///

2.) that he did not use violence or threats of violence or possess a firearm or other dangerous weapon in connection with the offense; and

3.) that the offense did not result in death or serious bodily harm to any person; and

4.) that he was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and

5.) that, not later than at the time of sentencing, he has truthfully provided to the Government all information and evidence he has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

There is no dispute that all of these conditions for safety valve applicability were met except the last. At sentencing, Mr. Rodriguez's counsel stated that he "was operating on the assumption that he did not want to do that,"**TR, at 6,**[1/] explaining that by "**that**" he meant "sitting down and making a proffer to the Government". **TR, at 6.** He then stated that "as recently as a few minutes before your Honor took the bench, he was asking me questions about this provision that, quite frankly, seemed like I had never spoken to him about it...."TR,**at 6.** Mr. Rodriguez's counsel then asked the court to "clarify this issue once and for all out of the mouth of Mr. Rodriguez." **TR, at 7.**

The court asked Mr.Rodriguez's counsel to describe precisely what he told Mr. Rodriguez, and after counsel did so expressed it's reservations about continuing the sentencing hearing to give Mr. Rodriguez an opportunity to meet with the Government in light

**of the requirement in the law and the guideline that a defendant** make his proffer to the Government "not later than the time of the sentencing hearing." **TR,at 10.**

The court then acknowledged, however, that counsel's representations that "you [counsel] believe you haven't been able to make your client understand what this is all about,"**TR,at 11,** was troubling: in the court's words, "That's the only problem I have here." **TR, at 11.**

**Mr.Rodriguez's counsel thereupon reiterated and supported his** judgment that his client did not understand him by pointing out that.

In **Strickland -vs- Washington,** 466 US 668 (1984), the Supreme Court established a two-prong standard to govern ineffective assistance claims. To obtain reversal of a conviction based on ineffective assistance of counsel, the defendant must show:

1.) That counsel's performance fell below an objective standard of reasonableness; and

2.) That there is a reasonable probability that, but for counsel unprofessional errors, the result of the proceeding would have been different.

In this case the defendant counsel Mr. , failed in his duty to the defendant to to file independant pre-trial, motions. Although Mr.--------,did attach himself to the coattail and the Government attorney. Defendant alleges the

**6./1.All citations to "TR" are to the transcript of the sentencing hearing, which was held on January 27, 2006.**

///

following soecific errors and omissions that perjudiced his defense by counsel:

1.) Defendant counsel failed erred in stipulating to admissions of the Government's Exhibits, without requiring a transcript of the tap-recorded the conversation where tapes were unintelligible, inaudible, and were not specifically corroborated by eyewitness testimony or a affidavit; and

2.) Failed to hire investigator to througly allegations, issues, witnesses; and all parties involved were working for the Government including the counselur him-self; and

3.) He allow his client to be taking plea based on he said/she said falsified, purjed testimony consisting of unfounded factualities,circumstanialized evidences and inferences piled on top of inferences, and they built the case on that without substantivie evidence, physical evidence or actual crime being committed by the defendant; a n d

4.) Defense counsel Failed to submit a sentencing memorandum setting forth mitigating factors establishing humane contributions defendant had made throughout his life that would support leniency consideration or downward departure at sentencing; a n d

5.) Defense counsel failed to make approprite during sentencing; a n d

6.) Defense counsel failed properly to challenge the convictions that were the basis for the imposition of the career offender enhancement; and

7.) Defense failed to properly present the Government's offer of a plea agreement; a n d

8.) Defense failed to present a proper entrapment defense; a n d

9.) Defense counsel failed to properly investigate; a n d

10.) Defense counsel failed to present case as defendant requested; a n d

11.) Defense counsel failed to challenge the improper application of the sentencing Guidelines in respect to obstruction of justice; a n d

12.) Defense counsel failed to properly object to the presentence Insvestigation report **("PSI")**; a n d

13.) Defense counsel failed to properly challenge indictment as being duplicitous (count 1) and (count II) failed to challenge other issues's in order to be convicted under 21 U.S.C. §841 and 21 U.S.C. § 846, the crime which was to be facilitated (by phone) has to have actully taken place. The counts alleged that defendent use a telephone to facilitate the distribution As the record shows, However, there was no distributions, See, **United States** ⊖**vs- Dotson, 895 F.2d 263 (6th Cir. 1990); a n d**

14.) Defense counsel failed to properly challenge and Investigate the Government's faileur to investigate the case before presenting **"assumptions"** to the Grand Jury for Indictment. And the **AUSA** based his claims on an assumption that defendant knowingly and having reasonable cause to believe that the organization's the Government find him guilty of. The AUSA then presents a TRUE BILL (Unsigned by the Jury Foreperson), sgowing an Indictment for a Percieved STATE OF MIND BY DEFENDANT. Had the AUSA Proverly investigated Defendant's Activities, he would have discovered.

15.) Defense counsel's deficint performance rendered the plea he was Denied the Effective Assistance Of Counsel At Plea Agreement and Appeal, In derogation of his right under The Sixth Amendment. Defendant's **Sixth Amendment right** to effective assistance of counsel. Defendant's claim satisfies the two-part test establish by the Supreme Court in **Strickland-vs-Washington,** 466 U.S. 668 (1984), under which a defendant must show **(1),** That consels performance was deficient; and **(2),** That the deficient performance prejudiced the defense. Defendant alleges the following specific by counsel:

**a.)** Failed to properly challenge the conviction that were the basis for the imposition of the career offender enhancement; a n d

**b.)** Failed to properly challenge the Government's offer of a plea agreement; a n d

c.) Failed to properly challenge prior conviction used to qualify defendant as a career offender pursuant to **U.S.S.G. §4B1.1** are constitutionally invalid; a n d

d.) Failed to keep prejudicial information from the court.

**16.)** Defense counsel failed to investigate and challenge and impeach witnesses and to call a particular witness is not per se ineffective representation where his counsel failes to do so because he neglected" to make resonable investigation is shown. See; **Kimmelman -vs- Morrison,** 477 U.S. 365, 385, 106 S.Ct. 2574, 2588, 91 L.Ed. 2d. 305 (1986); and **Strickland,** 466 U.S. at 2066. Also, See, **United States -vs- Booker,** 125 S.Ct. 738, 160 L.Ed 621 (2005); and See, **United STATES,-vs- COTTON,** 535, U.S. 625 (2002); A n d

**17.)** Defense counsel failed to present the issue on **Appeal** that **petitioner** was improperly sentenced to ‖[ 135 ]‖ months with respect to count I **and count II** of his Indictment, 21 **U.S.C.** § **841**, where the maximum penalty under **21 U.S.C. §841 is 120 months.** a n d

**18.)** Defense counsel was unwilling to assist his client and total controlled the outcome of the case which was a conviction by was **"malpractice".** a n d

**19.)** **Petitioner,** current position in life is better equipped to provide the answer. A counsel who has violated the **"Code of Proffessional Conduct"** netting his client on **"un-warranted 135 months"** the counsel conduct was above and beyond deserving a mere repromand. . . .

> **"[j]ust** on Wednesday"-- the hearing was on Friday --**"I** asked the defendant no less than four times whether or not he wanted to avail himself of the Safety Valve provision. Four times the answer was no, but when I came here and sat down through this interpreter, the first question asked was, 'can I get the **Safety Valve',** So, I'm simply, I'm sorry to throw this on the court, Judge, but I just feel an obligation to just to bring (sic) this out in the open." **TR, at 11-12.**

The court then undertook the responsibility of explaining Mr. Rodriguez, through the court interpreter, precisely what was required of him to qualify for the safety valve, and what benefit

would accrue to him if he qualified, to wit: an escape from the mandatory minimum of 120 months and a guideline range of 108 to 135 **months** instead of 135 to 168 months. The court then offered to continue the sentencing to allow Mr. Rodriguz an opportunity to meet with the government, but warned that:

> "[i]f I continue this to allow you a chance to sit with the Government agents to make these disclosures and then you don't do that, you have now delayed the sentencing process and the court might take that into account in deciding what your sentence ought to be." **TR. at 13-14.**

**And, further,**

> "... do you understand what I've told you about the possible consequences that you might face if the Court postponed this hearing, allowed you to speak with the Government agents and either you lied to the Government agents or you did not make a full disclosure and we had to come back -- you didn't take advantage, in other words, of the opportunity the Court is giving you and the only effect was to delay the sentencing; do you understand what those consequences would be?." **TR, at 15.**

The court then asked Mr. Rodriguez if he wanted an opportunity to meet with the Government to try to qualify for the safety valve and he declined. **TR, at 15.**

**Supporting facts:**

Defendant Rodriguez, contest his conviction on the ground that he was **Denied the Effective Assistance of Counsel** at **Plea Agreement** and **Appeal.** In Derogation of his right under **The Sixth Amendment.** Defendant's **Sixth Amendment Right to** Effective Assistance of Counsel. Defendant's Claim satisfies the two-part Test Established By The Supreme Court in, **Strickland -vs-Washington 466 U.S. 668 (1984),** Under which a Defendant must show (1.) That Counsel's performance was deficient; and (2.) That the defendant Performance prejudiced the defense. Defendant alleges the Spicific errors and omissions that prejudiced his defense by counsel.

Defendant was denied his right to counsel under the **Sixth Amendment** as made applicable to the states by the fourteenth Amendment; Defendant's drug-induced State at the time of changing his plea to guilty, undermined a knowing, violantary, and intelligent Plea. Federal **Habeas corpus** my-be used as a vehicle for attacking State convictions that have expired, as long as the Petitioner is currently serving a sentence that was enhanced or predicted upon the challenged conviction. See, e.g., **Clerk -vs- Pennsylvania, 892 F.2d 1142 (3rd Cir. 1989)**; and See, **Tredway -vs- Farley, 35 F.3d 288 (7th Cir. 1994)**; and See, **Taylor -vs-Armontrout 877 F.2d 726 (8th Cir. 1989)**; Also, See, **United States -vs- Booker, 375 F.3d 508 (7th Cir. 2004).**

Defense Counsel's deficint performance rendered the plea **Agreement** and sentencing and **Appeal proceedings Constitutionally Inadequate, in Violation of defendant's Sixth Amendment right to effective assistance of counsel.**

## ASSIGNMENT OF ERROR

The defendant received ineffective assistance of counsel during the following periods: **(1).** During the entire pretrial phas of the case; and (2). During the plea agreement stage of the proceedings; and (3). During the sentencing hearing conducted on **January 27, 2006**; In addition, the defendant contends that his plea was not made with a full understanding of the nature of the charges offenses and was obtained through coercion.

Mr. Rodriguez, alleges that the majority of the events that he was actually involved with took place in the State of Rhod Island

In the District of Rhode Island Since Mr. Rodriguez was arrested in [illegible], State of Rhode Island, his counsel was ineffective in allowing Mr. Rodriguez, to enter into a Plea that conflicts with the precepts of Title 28 U.S.C. § 1391(b).

## LAW AND ARGUMENT

The Sixth Amendment Guarantees the right to effective assistance of counsel in all criminal prosecutions. See, **McMann -v- Richardson, 397 U.S. 795, 771 (1970)**, See, also, **Turner -vs-Calderon, 281 F.3d at 879.** The Supreme Court has establish a claims. See also; **Strickland -vs- Washington, 466 U.S. 668, 687 (1984). In** order to obtain a reversal of a conviction, a defendant must prove two wssential elements under **Strickland; 1.)** That counsel's performance fell below an objective standard or reasonableness;and 2.) Counsel's deficient been different. See, **Strickland** at 692. also;

**A.) The Sentencing Court Erred In Not Applying An Offense Level Reduction For Mitigating Role Under U.S.S.G.§3B1.2, Resulting In An Incorrect Application Of The Guidelines.**

Defendant Rodriguez, argues the district court erred in not applying an offense leve reduction for mitigating role. **Section 3B1.2,** of the Guidelines provides that a **"minimal"** participant in a crime shall receive a four-level decrease in the in the calculation of his offense level while a **"minor"** participant shall receive a two-level reduction. An intermediate "is intended to cover defendants who are plainly among the least cupable of those involved in the conduct of a group." **Id. §3B1.2, comment.(n.1). A minor participant is defined as "any participant who is less culpable than most other participants,** but whos role could bot be

described as minimal. "**Id., comment.(n.3).** The minimal role adjustment is appropriate for someone who was recruited as a courier for a single smuggling transaction involving a small amount of drugs. **Id., comment. (n.2).** while Defendant was convicted of participating in conspiracy to Distribute controlled substance that in violation of Title 21 U.S.C. §846. "The determination whether to apply subsection (a). [minimal participant] of subsection (b). **[minor participant]**, or an intermediate adjustment, involves determination that is heavily dependent upon the facts of the the particular case." **Id.,** comment. (backg'd). For the reasons that follow, Defendant's sentence should be corrected under the provision of **28 U.S.C. §2255,** applying an intermediate three-level reduction as authorized for cases falling between minimal and minor participation. **U.S.S.G. § 3B1.2.**

The Sentencing Guidelines define a participant in an offense as "a person who is criminally responsible for the commission of the offense, but need not have been convicted". **U.S.S.G. § 3B1.1,** comment. **(n.1).** The facts in this case indicate that all the defendants Rodriguez, co-defendant and their organization particip-ated as couriers with equal culpability, See, Rodriguez's sentencing Transcript wherein the court states after sentencing:

> **>You, by attemting to be a courier, are part of that problem, and that's why these sentencing guidelines have said that it is a mandatory, sentence, and you must serve time. And it's you from getting into the drug courier business.**

Comparably, before imposing sentence, this court made a finding in the sentencing of Defendant Rodriguez "that he is a part of the organization, on equal footing with the. The Court continued" I will give you the benefit of the doubt and say that

**you were just a courier. I am not going to label you as a dealer but distributor. . . " Id.**

On June 13th, 1991, the United States Supreme Court held that before a district court can depart upward from the applicable Guidelines range on a ground not identified as a ground for such departure either in presentence report or in a prehearing submission by the Government, Rule 32 requires that the court give the parties (counsel for the defendant and counsel for the Government) reasonable notice that it is contemplating such a rulling, specifically indentifying the ground for the departure. **Burns -vs- United States, 51 CCH S.Ct. Bull. p. 2721,(index No. 89-7260).**

B.) **The Right To Comment Under Rule 32, Federal Rules Of Criminal Procedure.,**

The Sentencing Reform Act of 1984 Revolutionized the manner in which district courts sentence persons convicted of Federal crimes. See, e.g., **Mistretta -vs- United States, 488 U.S. 361, 363 -367** (1989).Also, See, **United States -vs- Booker, 375 F.3d 508 (7th Cir. January, 2004), also, see, United States -vs- Crowford, 324 F. Supp. 2d 1255 (D. Utah 2004), also, see, Almendarez-Torres, -vs- United States,** 523 **U.S. 224 (1998),** Also, See, **United States -vs- Shepard, 348 F.3d 308 (1st. Cir. 2003),** cert. granted, **124 S. Ct. 2871** (2004).

Before the Act, Congress was generally content to define broad sentencing sentencing ranges, leaving the imposition of sentence within those ranges to the discretion of individual judges to be exercised on a case-by-case basis. Now, under the "guidelines" system initiated by the Act, district court judges determine

sentences based on the various offense-related and effender-related factors identified by the Guidelines of the United States Sentencing Commission. See, **18 U.S.C. §§3553(a)(4),(b).** The purpose of this reform was eliminate the "unwarranted disparit[ies] and. . . unce-rtainty" associated with indeterminate sentencing. See,**e.g., S. Rep. No. 98-225, P.49(1983).** The only circumstance in which the district court can disregard the mechanical dictates of the Guidelines is when it finds "that there exists an aggravating or mitigating circumstance by the Sentencing Commission . . . "18 U.S.C.§3553(b).

> Procedural reforms, too, were necessary to achieve Congress'goal of assuring "certaint and fairness" in sentencing. See, **28 U.S.C. §991(b)(1)(B).**AS the Commission has explained:
>
> "In pre-guidelines practice, factors relevant to Sentencing were often determined in an informal fashion. The informality was to some extent explained by the fact that particular offense and offender characteristics rarely had a highly specific or rquired sentencing consequence. This situation will no longer exist under the sentencing guidelines. The court's resolution of disputed sentencing factors usually have a measurable effect on the applicable punishment. More formaility is therefore unaviodable if the sentencing process is to be accurate and fair.. . . . When a reasonable dispute exists about any factor important to the sentencing determination the court must ensure that the parties have an adequate opportunity to present relevant information." U.S. Sentencing Commission, Guidelines Manual § 6A1.3, official commentary 1990 (emphasis added).

As amended by the Sentencing Reform Act, Federal Rule of Criminal Procedure 32 provides for focused, adversial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence. Rule 32 frames these issues by diricting the probation officer to prepare a presentence report addressing all matters germane to the defendant's sentence. See, **Fed. Rule Crim. Proc.** 32(c)(2). At least 10 days before the

**sentencing, the report must be disclosed to the parties (Rule 32(c) (3),(C),** whom the Guidelines contemplate will then be afforded an opportunity to file responses or objection with the district court See, Guidelines **§6A1.2,** and official commentary. Finally,**Rule 32(a) (1),**provides that **"(a)t** the sentencing hearing, the Government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence."

This case involves one aspect of the procedures surrounding Guidelines sentencing; Whether the defendant was entitled to **notice** before the district court departed **sua sponte** from the Guidelines sentencing range. In the ordeinary case. the presentence report or the Government's/[2] own recommendation will notify the defendant that the an upward departure will be at issue and of the facts that allegedly support such a departure. Here, as in **Burns -vs- U.S. supra,** we are confronted with the extraordinary case in which the district court, on its own initiative and contrary to the expectations, of both the defendant and the Government, decided that the factual and legal predicates for a departure were satisfied. The question before the **Burns** Court was whether Congress, in enacting the Sentencing Reform Act, intended that the district court be free to make such a determination without notifying the parties. The U.S. sUpreme Court ruled that the answer to that question was clearly no.

**C.) The Right To Be Notified Under Rule 32,**
**Federal Rules Of Criminal Procedure.,**

As set forth above, Rule 32 contemplates full adversary testing of the issues relevant to a Guidelines sentence and mandates that the parties be given **"an opportunity to comment upon**

**the probation officer's determination and on other matters relating to the appropriate sentence." Fed. Rule Crim.,Proc. 32(a)(1).** obviously, whether a **sua sponte** departure from the Guidelines would be legally and factually warranted is a "matter[r] relating to the appropriate **sentence".**

The Supreme Court's view in **Burns** case was that "it makes no sense to impute to Congress an intent that a defendant have the right to **comment** on the appropriateness of a **sua sponte** departure but not the right to be notified that the court is contemplating such a ruling."**Burns -vs- United States, supra, at p.B2728.**

In arguing that Rule 32 does not contemplate notice in such a situation, the Government in the **Burns** case derived decisive meaning from congressional silence. Rule 32(c)(3)(A), the Gov't observed, expressly obliges the district court to give the parties 10 days' notice of contents of the **PSI report.** Since Rule 32 does not contain a like provision expressly obliging the district court to announce that it is contemplating to depart **sua sponte,** the Government concluded that Congress must have intended to deny the parties any right to notice in this setting. The Supreme Court found the Government's analysis unconvincing.

The Government's reading renders meaningless the parties' express right under Rule 32(a)(1), to "comment upon **[relevant]** matters relating to the appropriate sentence." "Th[e] right to be heard has little reality or worth unless one is informed" that a decision is contemplated. See, **Mullane -vs- Central Hanover Bank— & trust Co., 339 U.S. 306, 314 (1950),** This is especially true when the decision in question is a **sua sponte** departure under the Guidelines, Since the Guidelines place essentially no limit on the

**number of potential factors that may warrant a departure (Guidelines ch. 1, pt.A4(b)),** no one is in a position to guess when or what grounds a district court might depart, much less to **"comment"**on such a possibility in a coherent way. **Burns -vs- United States,supra** p.B2729.

The Court further noted that the Government's reading was also inconsistent with Rule 32's purpose. Under the Government's interpretation of Rule 32, a critical sentencing determination would go untested by the adversarial process in every case in which the parties, lacking notice, failed to anticipate an unannounced and uninvited departure by the district court from the Guidelines. Additionally, the meaning that the Government attached to Congress' silence is contrary to decisions in which despite the absence of express statutory language, the Supreme Court has construed statutes authorizing analogous deprivations of liberty or property to require that the Government give affected individuals **both botice and** a meaningful opportunity to be heard. See,**e.g., American Power & Light Co, vs. SEC, 329 U.S. 90, 107-108.**

In summation the Supreme Court stated that since the Government's interpretation would require the Court to confront the serious question whether notice is mandated by the Due Process Clause, the Court will not construe **Rule 32** to dispense with notice in this setting absent a clear statement of congressional intent to that effect, See, **e.g., Edward J. Debartolo Corp. -vs- Florida Gulf Coast Building and Construction Trades Council, 485 U.S. 568, 575 (1988). ("[W]here** an otherwise acceptable constraction of a statute would raise serious constitutional problems, the construction is plainly contrary to the intent of Congress:) **Burns vs. U.S. supra,**

pp. B2730-2731.

**D.) The Plea Was Not Entered Into Knowingly And Voluntarily With The Advice Of Competent Counsel.,**

A defendant waives many constitutional rights by pleading guilty. For this reason, the plea must be entered into knowingly and voluntarily, **Boykin -vs- Alabama, 395 U.S. 238, 244 (1969),** also, See, **Jackson -vs- Herring, 42 F.3d 1350 (11th Cir.cert denied 116 S.Ct. 38 (1995),** See, **Esslinger -vs- Davis, 44 U.S. F,3d 1515 (11th Cir. 1995),** See, also, **Smith -vs- Stewart, 140 F.3d 1263 (9th Cir.Cir. 1998),** See, **Tollet -vs- Henderson, 411 U.S. 258, 262 (1973)** See, also, **Brady -vs- United States, 397 U.S. 742, 748 (1970),** See, **Bockting -vs- Bayer, 399 F.3d 1010, 1021 (9th Cir.2005);** and **United States -vs- Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005).**

Upon approval of the Court, **F.R.Cr.P.,Rule 11(a)(2),** a defendant may enter a conditional plea of guilty, reserving in writing the right to appeal any specified pre-trial motions, See, **United States -vs- Echegoyen, 799 F.2d 1271, 1275-76 (9th Cir. 1986)** If the defendant prevails on appeal, he is allowed to withdraw the conditional Plea.

[A] defendant may challenge a guilty plea on the grounds that ineffective assistance of counsel at trial prevented the guilty plea from being knowing and voluntary. The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. See, **McMann -vs- Richardon, 397 U.S. 759, 771 n.14 (1970).** This guarantee applies to appointed counsel as well as retained counsel. See, **Cuyler -vs- Sullivan, 446 U.S. 335, 344-45 (1980).**

///

**E. THE DISTRICT COURT VIOLATED THE SIXTH AMENDMENT BY MAKING JUDICIAL FINDINGS REGARDING MR. RODRIGUEZ'S PRIOR CRIMINAL RECORD.**

A. Standard of Review; Plain Error

Pursuant to **Booker** Mr,Rodriguez, challenges the district Court's conclusion that he was a career offender.Because this challenge presents a "[legal question] regarding the application of the sentencing guidelines," it is regarding the application of the sentencing guidelines," it is reviewed de novo. **U.S. vs. Tsosie,** 375 F.3d 1210, 1217 (10th Cir. 2004; See, also, **U.S. vs. Booker,** 375 F.3d 508 (7th Cir. 2003). cert. granted, 124 S.Ct. 2871 (2003) SEE, **U.S. vs. Shepard,** 348 F.3d 308 1st Cir. 2003). cert.granted, 124 S.Ct. 2871(2004); See, **U.S. Croxford,** 324 F.supp. 2d 1255 (D. Utah 2004); See, also, **U.S. vs. Pineiro,** 377 F.3d 464 (5th Cir.2004) See, also, Almendarez-Torres vs. U.S. 523 U.S. 224 (1998); See, **U.S. vs. Martinez-villalva,** 232 F.3d 1329, 1331 (10th Cir. 2000); **Mocknight vs. General Motors Corp.,**511 U.S. 659 660 (1994); see, **Bockting vs. Bayer,** 399 F.3d 1010 (9th Cir. 2005). **U.S. vs.Cruz,** 423 F.3d 1119, 1120, (9th Cir. 2005); See also,**Craford vs. Washin.** 541 U.S. 36 (2004); **Martin vs. Maxey,** 98 F.3d 844 (5th Cir.1996).

Although this "narrow exception" was preserved in **Blakely's** citation to **Apprendi,** See 124 S.Ct. at 2536, its viability was not before the Court, so the language may be treated as dicta. such treatment seems especially appropriate in light of the **Apprendi** Court's discussion of the exception. The basis for the **Apprendi** exception was the Court's earlier holding in **Almendarez-Torres vs. U.S.** 523 U.S. 224 (1998). There five justices concluded that evidence of a prior conviction was a sentencing factor (which would

have to be charged). See, Id. at The Court Concluded that the prior conviction requirement was a "penalty provision" and distinguished statutory elements from "factors relevant only to the sentencing of an offender found guilty of the charged crime." Id. at 227-28.

This distinction does not square with the rule expressed in **Apprendi** and **Blakely,** and **Booker,** a rule that requires prosecutors to persuade a jury of **every** fact that can enhance a sentence. Indeed, the lead opinion in **Apprendi,** stated, **"it is arguable that Almendarez-Torres** was incorrectly decided and that a logical application of our reasoning today should apply if the ... issue were contested," **530 U.S. at 489-490.** However, in spite of this recognition, rather than overrule past **Almendarez-Torres,** the lead opinion in **Apprendi** simply excluded past criminal history from those facts that had to be proven by a jury. **Id. at 490.** Neverthless, Justice **Thomas,** who had joined the majority opinion in **Alendarez-Torres,** concurred in the judgmnet in **Apprendi,** arguing this time that the holding in **Almendarez-Torres** was wrong **Id.** at **499-523 (Thomas, I., Concurring).**

While Justice Thomas's opinion cannot, by itself,act to overrule **Almendarez-Torres,** the narrow exception in **Apprendi,** or this this Court's holding in **United States vs. Martinez-Villalva, 232 F.3d 1329, it would come out the other way. Indeed,** the Supreme Court has granted cert on a case that raises this very issue.See, **United STATES VS. Shepard,** 348 F.3d 308 (1st Cir. 2003),**cert. granted,** 124 S.Ct. 2871 (2004).

Mr, Rodriguez, acknowledges that the court may be unable to reverse its own precedent without further guidance on the issue

from the Supreme Court. See, **Mcknight vs. General Motots Corp,** 511 U.S. 659, 660 (1994)(per curiam)(holding that although issue appealed was forclosed by circuit precedent, appeal was not frivolous where it was intended to preserve the issue for review by the Supreme Court). **However,** a decision that the prior convictions must be found beyond a reasonable doubt by a jury would require that Mr. Rodriguez,'s sentence be vacated because the court **not the jury,** found that he had previously committed felonie.

In short the "narrow exception" stated in **Apprendi,** and cited in **Blakely** is dicta that should not be followed. The Supreme Court has given no reason why criminal history should be treated differently from other sentencing facts that must be proven to a jury beyond a reasonable doubt, and language in **Apprendi,** suggests, that the Court would not uphold syuch a requirement. Thus, the fact of a criminal conviction, like other facts that defendant's sentence under the federal sentencing guidelines, must be found by a Jury, **not a judge.**

The above stated law gives rise to several **Important questions In Mr. Rodriguez,** case herein that're unsettled. First the plea agreement that his counsel was to him negotiate did not include any of the acts of ommisions that occured in this case.
The government seized property in the District of Rhod Island, in this case. Further alleges that events and property that are a part of this action herein are left in assence hanging. The plea agreement does not bind the United States Attorney's office for the District of Rahod Island, where a substantial part of the action herein took place.

////

Black letter law is clear, there must be accounting because of venue herein in the plea agreement. There was property seized there, most or several of codefendants herein resided there. Therefore, Mr. Rodriguez,' counsel had resolve these issues and did **not**. Mr. Rodriguez, as argued above attempted to substantally assist the government and specifically the United States Attorney in the Distric of Rhode Island, and his counsel failed to resolve this issue because of his absence in the negotiations.Therefore, as stated herein Mr. Rodriguez's has clearly defined a **Strickland Claim.**

Guidelines § **3B1**.**1** provides a range of adjustments to increase the offense level based upon the size of the criminal organization (**i.e.,** the number of participants) and the degree to which the defendant was responsible for committing the offense. **Guidelines** § **3B1.1,** and Introductory, Commentary; and **U.S -vs- Herrera, 878 F.2d 997, 999 (7th Cir. 1989);**

The fpcuse in Guidelines § **3B1.1,** on the offense rather than other criminal conduct is consistent with the statutory scheme While Guidelines, § **3B1.1,(c). allows the sentencing court** to increase the offense level if the defendant was an **"organizer" "leader"."Manager"or "minimal" see Herrera, 878 F.2d at 999,** Guidelines **§3B1.2,** allows the court to decrease the offense level if the defendant was a **"minimal" or "minor"** participant. See, Guidelines **§3B1.2(a), and (b).** The introductory commentary to more than one participant, **§ 3B1.1, or 3B1.2 (or neither)** may apply. "The Guidelines do not otherwise provide for "role in the offense" adjustment in this fashion, the Sentencing Commission explicitly Recognized that many offenses are committed by a single individual

or by originals of roughly equal cuplpability, and that "non of them receive an adjustment under this part". Guidelines §3B1.4 Commentary; **Williams,** at 925; cited from **United States -vs- Tetzlaff, 896 F.2d at 1074.**

Subsequent to **Zweber,** the Sentencing Commission amanded the introductory Commentary to Chapter 3, Part B, stating, in relevant part, that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of section **1B1.3** (relevant Conduct). . . and not solely on the basis of elementsand acts in the count of conviction."United Sentencing Commission, Guidelines Manual, **Ch3, pt.B, Into.Comment, at 3.5 (Nov. 1990).** This Amendment was effective Nov. 1st. 1990.**Id. App. C.¶345, at C. 189.** The last act alleged to have been committed in defendant, a sentencing court may consider the underlying scheme as opposed to merely the offense asgustments See, **United States-vs- Caballero, 936 F.2d 1292, 1298, 1299 (DC Cir. 1991)(section 3B1 [in light of amendment]** allows the sentencing judge to look to the contour of the underlying scheme itself rather than mere element of the offense charged")(citation and internal quotations ommitted) In **U.S. -vs- Saucedo, 950 F.2d 1508, at 1515-1516 (10th Cir.1991).** The Court held that the amendment was a substative change in the effective date of the Amendment would violate the **EX POST FACTO CLAUSE.**

---

**/. Guidelines §3B1.1 Provides:**
**Based on the defendant's role in the OFFENSE, increase the offense level as followe:(a). If the defendant was an organizer or leader of a CRIMINAL activity that involved five or more particip- ants, Or was otherwise extensive, increase by 2 levels.**

**If the defendant was a manager or supervisor(but not an orga- nizer or leader) and the criminal activity involved five or more participant or was otherwise extensive, increase by 3 level...**

Equally relevant to the misapplication of Guidelines **§3B1 1(c),** is the Probation Officer's conclusion that **"[o]f** the known codefendants, Mr. Rodriguez, is the most culpable." he Commentary to **U.S.S.G. § 3B1.1** states that "[a]' participant's is a person who is criminally responsible for the commission of the offense, but need not have been convicted." Even if defendant Rodriguez were considered to be more culpable than.

Moreover, defendant has established deficient performance by Counsel by identifying material, specific errors and omissions that fall outside the "wide range of perfessionally competent assistance." **Strickland -vs- Washington, 546 U.S. 668, 690,104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).***

**SUMMARY OF THE ARGUMENT**

The severity of Mr; Rodriguez's,sentence was driven by the judicial finding that he had convicted of one count prior crime of felony drug conviction. However, this finding violated Mr. Rodriguez's, Sixth Amendment right to a jury trial. Under **Blakely -vs- Washington, 124 S.Ct. 2531,** all facts that would enhance a penalty must be found by a jury. Admittedly, **Blakely,**on its face, preserves the exception for prior conviction that was created in **Apprendi-vs- New Jersey, 500 U.S. 466, 490 (2000);** See also, **U.S. -vs- Martinez-Villalva, 232 F.3d 1329, 1331 (10th Cir. 2000).**

---

**> If the defendant was an Organizer, leader, manager, or supervisor in any criminal activity othen that described in (a) or (b), increase by 2 levels.(emphasis added).**

**7 attach new legal consequences to past events. See,LINDH vs. MURPHY, 96 F.3d 856, 861(7th Cir.1996)(en,Bance),cert.(granted), 117 S.Ct.726(1997).Application of one year statute of limitations is not**

However, the **Blakely,** Court did not address the soundness of this exception and offers no reason why criminal history is deferent from every other fact that must be found by a jury.

Moreover, a review of the various opinion in **Apprendi** suggests the distinction between criminal history and every other sentencing element is not sound. Indeed, the Supreme Court has recently granted certiorari on a case that raises this very issue. See, **United States -vs- Shepard,** 348 F.3d 308 (1st Cir. 2003), **cert. granted, 124 S.Ct. 287 (2004).**

Defendant **Julian Sahagun Rodriguez,**pursuing a reprimand for Mr. for violationg the **"Code of Professional Conduct"** and minimizing the outcome (**lengthy sentence**) of his negligent performance as Justice in pre-trial court I firmly believe based on what been presented to the court. Mr. conspire with the Assistant U.S. Attorney, and both conspire with U.S. government in Rhode Island, against the defendant. **"All Violate Code of Proffessional".**

## C O N C L U S I O N

Defendant **Julian Sahagun Rodriguez,** has been deprived of his constitutional right to effective assistance of counsel on Plea Agreement and on his Appeal. Defendant is therefore entitled to relief under **28 U.S.C. §2255;** in the form of vacating his sentence and resentencing without the inclusion of the two-level adjustment for aggravating tole in the offense.

**WHEREFORE,** Defendant **Julian Sahagun Rodriguez,** respectfully prays that this Honorable Court grant his motion to Vacate, Set

asside or correct sentence, pursuant to **28 U.S.C. § 2255; and order appropriate relief.**

**REQUEST FOR APPOINTMENT OF COUNSEL**

The petitioner now moves this Honorable court for appointment of counsel pursuant to **18 U.S.C. § 3006(A)** of the Criminal Justice **Act.**

Appointment of counsel is authorized at any stage of a **habease** proceeding in the interest of justice. **Therefore,** in the interest of justice and fairplay the petitioner respectfully requests the appointment of counsel for the remainder of this **habeas corpus proceeding.**

DATED: this 16th, day of August, 2007; in Sheridan Oregon.**(AD);**

**Respectfully submitted,**

Julian Rodriguez

**JULIAN SAHAGUN RODRIGUEZ,**
**US Marshall No. 05625-070**

**Defendant/Petitioner, In Properia Persona;**

**Federal Correctional Institution**

**P.O.Box 5000**

**Sheridan, OR 97378-5000**

///

///

///

cc:file;

**DECLARATION OF POVERTY**

I, **Julian Sahagun Rodriguez,** hereby declare under penalty of perjury that I am indigent and with out the means to pay the cost of the court requested. I furhermore declare that I own no property, saving nor do I have any funds in my inmate trust acount at FCI-Sheridan, Oregon.

Executed on; August 16th, 2007;

Julian Rodriguez

**JULIAN SAHAGUN RODRIGUEZ,**
**US Marshall No. 05625-070**

**Federal Correctional Institution**

**P.O.Box 5000**

**Sheridan, OR 97378-5000**

///

cc;

# VERIFICATION

**JULIAN SAHAGUN RODRIGUEZ, being** duly sworn according to law deposes and say:

That I am the petitioner in the foregoing complaint and that the contents are true and correct of my own knowledge except as to matters therein stated to be alleged on information and relief, and as to those matters that I believe to be true and correct.

DATED: this 16th, day of,August, 2007; AD.

X Julian Rodriguez

**JULIAN SAHAGUN RODRIGUEZ,**

**ID: No. 05625-070**

T. HARPER
Signature/Case Manager
"Authorized by the Act of July 27, 1955 to administer oaths (18 USC 4004)."

**Signed and Swarn to before me this** 14th **day of August, 2007;NOTARY PUBLIC IN and or the STATE OF OREGON.**

**residing at _______________ My Commission Expires on __________**

///

cc:file.

# Certificate of Service

I, Julian S. Rodriguez, herby certify that I have served a true and correct copy of the following, by placement in the inmate mail:

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255, TO VACATE, SET ASSIDE, OR CORRECT SENTENCE, BY A PERSON IN FEDERAL CUSTODY.,

Service of process is deemed complete at the time of delivery to the prison authorities for forwarding to the court. *Houston v. Lack* 101 L.ED..2d. 245 (1998) confirms that by such service upon parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:

1.) Clerk of the Court
United States District Court
For The District of Rahode Island
216 Federal Building and United States Courthouse
One Exchange Terrace
Providence, RI 02903-1779

2.) AUSA, Attorney's Office;
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

And deposited in the United States mail maintained by the Federal Correctional Institution, Sheridan, Oregon, all requirements of service of process required by law have been fulfilled this:

16th day of August, , 2007.

**Federal Correctional Institution Sheridan**

**P.O Box 5000**

**Sheridan, OR 97378-5000**

Name: Julian Rodriguez
Julian Sahagun Rodriguez,

05625-070
Bureau of Prisons Identification Number