JULIAN SAHAGUN RODRIGUEZ,
ID:No. 05625-070
Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000

**Julian S. Rodriguez;**
**In Properia persona;**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

216 Federal Building and U.S. Courthouse,-Providence, RI 02903-1779

| | |
|---|---|
| JULIAN SAHAGUN RODRIGUEZ,<br>Petitioner/Defendant,<br>versus.<br>UNITED STATES OF AMERICA,<br>Respondent/Plaintiff, | **Cr. No. 05070T**<br>**C.A,No. 07-326T**<br><br>**PETITIONER/DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSTITION TO MOTION UNDER 28 USC §2255: MEMORANDUM OF POINT AND AUTHORITIES:AND EXHIBITS**<br><br>**BY A PERSON IN FEDERAL CUSTODY** |

Petitioner/Defendant Julian Sahagun-Rodriguez, by and **in Properia persona,** hereby respectfully files his reply to the Government's opposition to his motion to vacate his conviction and/or correct his sentence pursuant to **28 U.S.C. § 2255.**/This reply is based upon the attached memorandum of points and authorities, the exhibits attached hereto, the files and records in this case, and upon such further argument as may be had at any hearing on this matter.

////

///

DATED: 14th, day of November, 2007;

Respectfully submitted,

Julian Rodriguez

JULIAN SAHAGUN-RODRIGUEZ,
ID:No. 05625-070

Petitioner/Defendant
In Properia persona;

Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000

cc;

///

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
A T
216 Federal Building and U.S. Courthouse
Providence, Rhode Island 02903-1779

REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO
VACATE, SETT ASSIDE,Or
CORRECT SENTENCE PURSUANT
TO **28 U.S.C.A. §2255 .,**

**b y**

**A PERSON IN FEDERAL CUSTUDY**

**JULIAN SAHAGUN-RODRIGUZ,**

**Defendant/Movant,**

**versus.**

**UNITED STATES OF AMERICA,**

**Plaintiff/Respondent,**

**Cr. No. 05070T**

**C.A. No. 07-326T**

C E R T I F I C A T E  O F  S E R V I C E

DATED:this 14th, day of November, 2007;

Julian Rodriguez

Julian Sahagun Rodriguez
ID:No. 05625-070

Defendant/Movant,
In Properia persona;

**JULIAN SAHAGUN RODRIGUEZ,**
ID:No.05625-070
Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000
Julian Sahagun Rodriguez;
In Properia persona;

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

216 Federal Building and U.S. Courthouse - Providence, RI 02903-1779;

| | |
|---|---|
| JULIAN SAHAGUN RODRIGUEZ,<br>Defendant/Movant,<br>versus.<br>UNITED STATES OF AMERICA.<br>Plaintiff/Respondent. | Cr. No. 05070T<br>C.A. No.07-326T<br><br>**REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO VACATE, SET ASIDE,OR CORRECT SENTENCE PURSUANT TO 28 U.S.C.A.§ §2255., BY A PERSON IN FEDERAL CUSTUDY** |

## I N T R O D U C T I O N

The government raises three arguments in its response to defendant's motion to correct sentence;

1. The waiver of § **2255** relief in the plea agreement bars relief;
2. **Blakely** does not apply retroactively; and
3. Defense counsel has a conflict of interest. None of these arguments persuasively resolves this case.

///

**I. The Waiver Of Section 2255 Relief in Plea Agreement Does NOT Bar Review In This Case.**

As the government acknowledges, the waiver of §2255 relief in the plea agreement did not apply to claims of ineffective assistance counsel raised in this claim. Therefore, the claim of addressed on the merits. At least on this claim the court should not follow the government's suggestion that it **"deny defendant's §2255,"** claim as being violative of defendant's agreement with the government.

In addition, the government does not dispute defendant's contention that the waiver of § 2255 relief does not apply in the Case of an illegal sentence. Instead. The government argues,defendants sentence is not illegal and there is, therefore, no basis for defendant to avoid the plea agreement he is bound by". This central question in this case is whether the defendant's sentence is illegal. If it is, then the waiver of §2255 relief does not apply. The Court cannot make a determination on this issue without addressing the merits of defendant's argument. The court should reject the government's invitation to deny the § 2255 claims based on the waiver in the agreement.

**II. This Court Need Not Reach The Issue Of Blakely's Retroactivity Because The Defendant Was Sentenced After Apprendi, Which Supplied the New Rule of Law To Follow In This Case.**

The government's focuse on the retroactivity of Blakely gives short shift to defendant's primary argument, which is that the the new rule to be applied in this case stems from **Apprendi, NOT Blakely,** Because **Apprendi,** auuounced a new watershed rule-which was merely applied in **Blakely** -and because the defendant was sentence after

after **Apprendi,** the Rule from **Apprendi** should have been applied at defendant's sentencing. The retroactivity of **Blakely,** is irrelevant under this approach.

The government devotes only two paragraphs of its brief to address this issue, Essentially adopting the argument from **Morris-v. United States,** 2004 WL 1944014 (CD Ill. September 1, 2004). The government argues that **Blakely** "announced a new rule of criminal procedure "because the holding in **Blakely** was not compelled by then-existing precedent. ACCORDING to the government and **Morris, Blakely's "New Rule"** is its "interpretation of the term 'statutory maximum' for **Apprendi** purposes. **"Morris, 2004 WL 1944014*10;** The government and **Morris** both quote "New Rule" from **Blakely.**

> The "statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely of the basis of the facts reflected in the jury verdict or admitted by the defendant.In other words, the relevant "statutory maximum"is not the maximum, sentence a judge may impose after finding additional findings.

**Morris,** 2004 WL 1944014 *10; see also,**Resp.p.4**(with some alterations). The difficulty with the government's position, However; is that in order to argue that this rule from **Blakely** was not compelled, by existing precedent, the government and **Morris** omit the quotation, which signifcantly undercuts their argument. The actual quote should read:

> Our precedent make clear, However; that the statutory maximum"for Apprendi purposes is the maximim sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendent, . . .[citation]. In other words, the relevant "statutory maximum's "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

///

**Blakely,** 124 S.Ct.At 2537 (bold emphasis added). When the Supreme Court itself has acknowledged that clear precedents drive the result in **Blakely.** The government's arguments to the vontrary are without merit.

Moreover; The Supreme Court's reliance of the **Apprendi** precedent, was not an isolated incident in **Blakely.** In fact, the Court took pains to emphasize that it was not creating a new rule in **Blakely** but was merely applying **Apprendi.** See, e.g., **Blakely,** 124 S.Ct. at 2536, ("This case requires us to apply the rule we expressed in **Apprendi. . .").** The Court noted it's "**commitment to Apprendi** and,"respectfor longstanding precedent,"**Id.at 2538,** and rejected the state's attempts "to distinguish **Apprendi." Id.**

The Court dismissed the arguments of "[t]hose who would reject **Apprendi,"Id.** at 2551 (**Breyer, J., Dissenting).** The consequence of applying" all criminal sentences imposed under the federal and State guidelines since **Apprendi** was decided in (2000), arguably remain open to collateral attack. "Id. at 2549 (**O'Connor, J.,dissenting).**

Because **Blakely** simply applied the rule expressed by the Supreme Court in **Apprendi,** and did not creat a new rule, the retroactivity of **Blakely is not relevant for this section 2255** petition. The defendant's sentencing occurred after **Apprendi,** and we now know, as in **Ameline,** that it was plain error for the Court not to apply **Apprendi** to defendant's case. **United States v.Ameline,** 376 F.3d 967, 97980 (9th Cir. 2004)(finding plain error in trial court use of preponderance standard at sentencing that occurred

---

1. **Blakely -vs- Washington, 124 S.Ct. 2531 (2004).**
2. **Apprendi -vs- New Jersey, 530 U.S. 466, 490 (2000).**

after **Apprendi** but but before **Blakely).**

**As argued in defendant's intitial memorandum** **If the Court** had not relied on factors that were neither charged in the indictment nor proven beyond a reasonable doubt. Mr. Rodriguez, would been entitled to a low end sentence at criminal History category and offence level, which is 6 months Mr. Rodriguez, has already served that time, and would be entitled to immediate release.

**III. If Blakely Announced A New Rule of Criminal Procedure, That New Rule Should Be Applied Retroactively Under the Second Exceptiion To Teague -vs- Lane.**

As an alternative argument, the defendant assrted that **Blakely** Should be applied retroactively. **(Def. memo)** The government agrees that **Blakely** announced a new rule of criminal procedure that should be applied retroactively if it meets the second exception under **Teague -vs- Lane,** 489 U.S. 288 (1989) but the government takes the position that the **Blakely** rule does not meet the excption, apparently because it does not "implicat[e] the fundamental fairness and accuracy of the criminal proceeding. **"Resp. quoting Schriro).** The government relies primarily of **Schriro -vs-Summerlin,** 124 S. Ct. 2510 (2004).

**AS** set in detail in defendant's initial memorandum, the holding in **Schriro, actually supports the defenaant's position. While it's** true that **Schriro** ultimately declined to apply the application of **Apprendi in Ring -vs- Arizona,** 532 U,S. 610 (2002), retroactively this result does not comple the same conclusion, for **Blakely.** The important point to note from **schriro** is that the Court did not question whether the new **Apprendi/Ring** Rule was "fundamental".

Rather, the Court declined to apply the **Apprendi and Ring** rule procedure that should be applied retroactively if it meets the second exception under **Teague -vs- Lane,** 489 U.S. 288 (1989) but the government takes the position that the **Blakely** rule does not meet the exception, apparently because it does not "implicat[e] the fundamental fairness and accuracy of the criminal proceeding. "Resp. P.6, quoting **Schriro).** The government relies primarily on **Schriro -vs- Summerlin,** 124 S.Ct. 2519 (2004).

**AS** set out in detal in defendant's initial memorandum, the holding in **Schriro,** actually supports the defendant's position. (Def. Memo pp. 13-15). While it is true that **Schriro,** ultimately declined to apply the application of **Apprendi in Ring -vs-Arizona**, 536 U.S. 610 (2002), retroactively, this result does not comple the same conclusion, for **Blakely.** The important point to note from **Schriro** is that the Court did not question whether the new **Apprenndi/ Ring Rule** was **"fundamental."** Rather, the Court declined to apply the **Apprendi** and **Ring** rule retroactively because it concluded that the previous rule in existence in Arizona - one involving the use of judicial fact-finders-did not "seriously diminish[]accuracy"of the criminal proceedings, **Schriro,** 124 S.Ct. at 2525. Under **Teague's** second exception a new procedural rule is only applied retroactively if it is both "fundamental" and if it implicates the accuracy of the underlying criminal proceeding. **Saffle- ve- Parks,** 494 U.S. 484,495 (1990),(discussing these two discrete concerns of the **Teague** exception) **Schriro** held that the **Apprendi/Ring** rule failed to meet this accuracy, prong of the analysis.

///
///

The rule from **Apprendi/Blakely,** unlike the rule from **Apprendi** See, **Burnes -vs- United States,** 51 CCH S.Ct.Bull.p.2721( index No. 89-7260. June 13, 1991). **does implicate the accuracy of criminal** proceeding because it imposes the standard of proof beyond a reasonable doubt retroactively because it concluded that the previous rule in existence in Arizona-ONE involving the use of judicial fact-finders did not "seriously diminish[]accuracy" of the criminal proceeding **Schriro,** 124 S.Ct. at 2525. Under **Teague's** second exception, a new procedural rule is only applied retroactively if it is both "fundamental" and if it implicates the accuracy of the underlying criminal proceeding. **Saffle -vs- Parks,** 494 U.S. 495 (1990)(discussing these two discrete concerns of the **Teague** exception). **Schriro** held that the **Apprendi/Ring** rule failed to meet this accuracy prong of the analysis.

The rule from **Apprendi/Blakely,** unlink the rule from **Apprendi** and **Ring,** does implicate the accuracy of criminal proceeding because it imposes the standard of proof beyond a reasonable doubt upon factors once lacked that higer level of proof. By contrast in **Ring,** the state law already required that the relevant facts be "proved beyond a reasonable doubt," **Schriro,** 124 S. Ct. at 2522 **n.1,** thus the difference between having a judge make this determination rather than a jury was not deemed to affect accuracy. **Id. at 2525.**

There can be no question that use of the proof beyond a reasonable doubt standard enhances the accuracy of the fact-findings in his intial memorandum, defendant cited the numerous Supreme Court cases that have so held, See, **e.g., Ivan -vs- City of New York,** 407 U.S. 203, 205 (1972)("the major purpose of the constitutional standard of proof beyond a reasonable doubt announced in **Winship** was to

overcome an aspect of a criminal trial that substantially imairs the truth-finding function").

For these reasons, the new rule announced in **Apprendi** and **Blakely,** meets the second **Teague** exception because it implicates the fundamental accuracy of criminal proceedings. Defendant disagrees with the government and the cited authorities that have relied upon **Schriro** to argue that the new rule from **Apprendi/Blakely should not** apply retroactively. See, **Strickland -vs- Washington,** 466 U.S. 668 (1984),**United States -vs- Dotson,** 895 F.2d 268 (6th Cir. 1990), Also, See, **United States -vs- Booker,** 125 S.Ct. 738, 160 L.Ed 621 (2005), **United States -vs- Cotton,** 535, U.S. 625 (2002), **Kimmelman -vs- Morrison,** 477 U.S. 365, 385 106 S.Ct. 2574, 2588, 91 L.Ed. 2d. 305 (1986).**Taylor -vs- Armontrout** 877 F.2d 726 (8th Cir. 1989),also See, **Tredway -vs- Farley,** 35 F.3d 288 (7th Cir. 1994),**Clerk v,Pennsylvania** 892 F.2d 1142 (3rd Cir. 1989).

## IV This Court Can Consider The Section 2255 Petition Regardless Of Any Inherent Conflict Of Interest By Defense Counsel.

The government sites oregon Disciplinary Rule **5-101(A)(1)**to argue that defense counsel may have an inherent conflict of interest in representing the defendant because one claim in this motion asserts ineffective assistance of counsel. The disciplinary rule itself. However; permits a lawyer to undertake representation of a client even in the fact of a potential conflict if the client consents to that representation after full disclosure. As set out in the attached second declaration of counsel, consent of the client obtained before thins motion was filed.

////

In this case, the court need not even reach the issue of ineffective assistance of counsel if it determines, based on the arguments above, that a plain error was made in defendant's sentence be failure to apply **Apprendi,** and as a result, the illegal sentence should be corrected, Alternatively, the Court need not reach the ineffective assistance issue if the Court finds that **Blakely** applies retroactively.

**AS** a matter of judicial efficiency and to avoid a change in counsel that might result in additional time in custody for this defendant beyond what a legal sentence would require, the defendant respectfully requests that the Court consider the two alternative argument first, without reaching is requiring on the issue of

ineffectiveness of counsel, If a hearing is requiring on the issue of ineffective of counsel, the defendant will request appointment of alternative counsel.

### V. Defendant's Ineffective Assistance Of Appellate Counsel Claim Has Merit

To make a proper showing of ineffective assistance of counsel, defendant must establish (1.) deficient performance by counsel;and (2.) Actual prejudice. **Strickland v. Washington,** 466 U.S. 668,687 (1984). The first prong is met upon a showing of material error that falls outside the wide range of professionally competent assistance. **United States v. Molina,** 934 F.2d 1440, 1447 (9th Cir. 1991).Further, there is a strong presumption that counsel's conduct falls **within** the wide range of reasonable professional assistance. **Woratzech v.Bicke-tts,** 820 F.2d 1450 (9th Cir. 1987). To satisfy the second prong of **Strickland,** the Defendant must demonstrate a "**reasonable probability that, but for counsel's unprofessional errors, the result of the**

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."**Id.** **However;** the test for whether a lapse by an appellate defense counsel prejudiced the defendant, for purposes of the counsel-effectiveness test of **Strickland,** cannot focus solely on whether the appeal would have been successful absent counsel's shortcomings. In **Lockhart v. Fretwell,** 506 U.S. 364, 369 (1993), the U.S. Supreme Court stated that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fudamentally unfair or unreliable, is defective." The presence of prejudice, with respect to claims of ineffective assistance of counsel at the appellate level, hinges upon the fairness of the plea and the reliability of the judgement of conviction resulting therefrom. See, **Julian Sahagun-Rodriguez, v. United State,__[No.05070T,2006;.**

Defendant alleges the following errors and that prejudiced his defense by appellate counsel and sentencing Counsel:

1. Appellate counsel failed to present the issue on appeal that Defendant was improper sentenced to (135) months with respect to Count One of the Indictment,21 U.S.C. §846, Conspiracy to Distribute and Possess with Intent to Distribute Over 5 Killograms of Cocaine.

2. Appellate counsel failed to present the issue of insufficient, evidence to challenge Defendant's aiding and abetting convictions on counts Two and as set forrth above.

Defendant received ineffective assistance of counsel on Appeal because his appellate counsel failed to appeal his reciving a sentence of (135) months On Count One and Count Two when 21 USC §846 has a maximum penalty of being "imprisoned not more than (10) years" As discussed above, appellate counsel, never even ordered the sentencing hearing to be transcribed so that he could review the proceeding for any sentencing errors. Moreover, merely reading the

conspiracy statute would have alerted counsel to the maximum penalty. Appellate counsel exhibited a lack of diligence that would have been exercised by any reasonably diligent attorney. Had counsel done his homework, the appellate court would have remanded the case for re-sentencing. Consequently, Defendant was deprived of his constitutional due process right to have a sentence imposed in light of the correct penalty. Thus, the result of the appellate proceeding was fundamentally unfair and unreliable. Counsel's omission violated Defendant's Sixth Amendment guarantee.

Appellate counsel additionally had a viable issue for appealing Defendant's aiding and abetting conviction on Count Two based on insufficient evidence as argued above. Counsel did not meet some obligation "to weed out" weaker claims as the Government argues. Government's Opposition at 20. Counsel simply failed to perform proper research and investigation on the case. A review of the appeal he did submit is disturbing to any competent appellate attorney. "[N]ominal representation on an appeal as of right -like nominal representation at trial - does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." **Evitts v. Lucey,** 469 U.S. 387, 396 (1985).

Consequently, Defendant is serving an additional time in prison without benefit of his due process right to an adequate direct appeal. The result of the appeal was fundamentally unfair and unreliable. He was deprived of his constitutional right to effective assistance of counsel on all front under the Sixth Amendment.

## VI. Defendant Is Entitled to An Evidentiary Hearing.

Notwithstanding the Government's stipulation to an amendment to the Judgment and Commitment Order ti reflect a 60-moth sentence on Count One, instead of a (135) month sentence on that count, an evidentiary hearing is necessary. Government's Opposition.

Defendant is entitled to an evidentiary hearing on his ineffective assistance of counsel claim where he seeks to have his judgment vacated. **United States v. Espinoza,** 866 F.2d 1067, 1069 (9th Cir. 1988), **cert. denied,** 499 U.S. 940, 111 S.Ct. 1398, 113 L.Ed.2d 454 (1991). Defendant was denied effective assistance of counsel on all front and was prejudiced in receiving a more one-rous sentence as a result of appellate counsel's deficient perf-ormance. A hearing on this matter will develop a record of Defe-ndant's claim **United States v. Pope,** 841 F.2d 954, 958 (9th Cir. 1988).

Defendant has identified to this Court specific allegations of ineffective assistance of counsel that satisfy the standard established in **Strickland.** The Ninth Circuit rule is that "mererly conclusionary statement in a ¶2255 motion are not enough to require a hearing." **Wagner v. United States,** 418 F.2d 618, 621 (9th Cir. 1969). This does not, however, "mean that the moving party must detail his evidence. It means only that he must make factual allegations as [Defendant] has done." **Id.** See also, **Jones v. Gomez,** 66 F.3d 199, 205 (9th Cir. 1995, **cert denied,** 116 S. Ct.1437(1996).

///

///

# III.

## CONCLUSION

For all the foregoing reasons, Defendant Julian Sahagun-Rodriguez, respectfully prays that this Honorable Court grant him **Motion To Vacate Conviction And Sentence Pursuant to 28 U.S.C.§2255,** and order appropriate relief, balancing fundamental fairness with the interests of justice.

**DATED:** this 14th, day of November, 2007;

Respectfully submitted,

Julian Rodriguez

JULIAN SAHAGUN RODRIGUEZ,
ID:No. 05625-070
Petitioner/Defendant
**In Properia persona;**
Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000

///
///
///
///
///
///
///
///

**JULIAN SAHAGUN-RODRIGUEZ,**
**ID:No. 05625-070**
FEDERAL CORRECTIONAL INSTITUTION
P.O.Box 5000
SHERIDAN, OR 97378-5000
Julian S. Rodriguez;
In Properia Persona;

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

216 Federal Building and U.S. Courthouse;-Providence,RI 02903-1779;

| | |
|---|---|
| **JULIAN SAHAGUN-RODRIGUEZ,**<br>**Petitioner/Defendant,**<br>**versus.**<br>**UNITED STATES OF AMERICA,**<br>**Respondent/Plaintiff,** | **Cr. No.05070T**<br>**C.A. No.07-326T**<br><br>**DECLARATION OF:**<br>**[ JULIAN SAHAGUN-RODRIGUEZ ]** |

I **Julian Sahagun-Rodriguez**, declare as follows:

1.) I am the petitioner in the above captioned action. I make **this declaration on personal** knowledge and if called to testify, would be competent to testify to the facts set forth below.

2.) The respondent has filed an **ex party** motion with this Court response to my motion to Vacate, set aside, or correct sentence, pursuant to 28 U.S.C.A. §2255. case number **Cr. No. 05070T - C.A. No. 07-326T.**

///

///

3.) When I filed my original Motion to Vacate, set asside, or correct sentence, pursuant to 28 U.S.C. § 2255. I am incarcerated in the Federal Correctional Institution, at Sheridan, Oregon. My original petition, and my affidavit, were prepared for me by a jailhouse lawyer at this institution. and truly represent what I had intended to relate in the earlied document.

Me statements above are true and accurate, to the best of my recollection and belief.

DATED: 14th, day of November, 2007;

Julian Rodriguez

JULIAN SAHAGUN-RODRIGUEZ,
ID:No.05625-070

Petitioner/Defendant;

In Properia Persona;

Federal Correctional Institution
P.O.Box 5000
Sheridan, OR 97378-5000

///

cc:

# *Certificate of Service*

I, JULIAN S. RODRIGUEZ, herby certify that I have served a true and correct copy of the following, by placement in the inmate mail:

REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO VACATE, SET ASSIDE, OR CORRECT, SENTENCE, PURSUANT TO 28 U.S.C.A. § 2255.,

Service of process is deemed complete at the time of delivery to the prison authorities for forwarding to the court. *Houston v. Lack* 101 L.ED..2d. 245 (1998) confirms that by such service upon parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:

1.) Clerk of the Court
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RAHODE ISLAND
216 Federal Building and U.S. Courthouse;
PROVIDENCE, RI 02903-1779

2.) AUSA. Attorney offic
50 Kennedy Plaza,8th Flr.
Providence, RI 02903

And deposited in the United States mail maintained by the Federal Correctional Institution, Sheridan, Oregon, all requirements of service of process required by law have been fulfilled this:

14th day of November, 2007.

**Federal Correctional Institution Sheridan**

**P.O Box 5000**

**Sheridan, OR 97378-5000**

Name: Julian Rodriguez
JULIAN SAHAGUN-RODRIGUEZ,

05625-070
Bureau of Prisons Identification Number