UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JULIAN SAHAGUN RODRIGUEZ

       v.                                 C.A. No. 07-326-T

UNITED STATES OF AMERICA

## MEMORANDUM AND ORDER DENYING SECTION 2255 MOTION

Ernest C. Torres, Senior United States District Judge

Julian Sahagun Rodriguez has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

### Background

On June 7, 2005, Julian Sahagun Rodriguez was arrested by agents who observed him transfer a duffel bag, later found to contain more than 61 kilogram of cocaine, from a vehicle driven by his co-defendant, Pedro Gonzalez; place it in another vehicle; transport it to a different location and deliver it to Franklin Soto-Pena, a second co-defendant.

Rodriguez, later, pled guilty to charges of conspiring to distribute and possessing with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. In his plea agreement, Rodriguez stipulated that the substance seized was cocaine having a net weight of 61.44 kilograms and the government agreed to recommend a three level reduction in Rodriguez's offense level for early acceptance of responsibility.

At the time of sentencing, Rodriguez was found to have a

guideline range of 135-168 months and received a sentence of 135 months.  Rodriguez appealed his sentence but the First Circuit affirmed his conviction.  See United States v. Julian Sahagun Rodriguez, Dkt. No. 06-1284 (1st Cir. March 9, 2007).

In his Section 2255 motion Rodriguez claims:

(1) that the Indictment did not allege the purity level of the cocaine and other nonspecific "material" facts;

(2) that his plea was not knowing and voluntary;

(3) that he was entitled to a reduction in his offense level for a minor or minimal role in the offense; and

(4) that this Court impermissibly departed upward from his sentence without giving the notice required by Fed.R.Crim.P. 32;

(5) that his sentence was based on judicial findings of fact in violation of the Sixth Amendment; and

(6) that his counsel rendered ineffective assistance in various ways, as discussed infra.

## Analysis

Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A motion under Section 2255 is not a substitute for a direct appeal.  See United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982).  A movant is procedurally precluded from obtaining Section 2255 review of claims not raised

on direct appeal absent a showing of both "cause" for the default and "actual prejudice" -- or, alternatively, that he is "actually innocent" of the offense for which he was convicted. Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citations omitted).

I.   Sufficiency of Indictment

Rodriguez's first claim that his conviction should be vacated because "the material facts and purity of the drugs were not alleged in the indictment," is without merit.  An indictment is sufficient if it recites sufficient facts and describes the offense charged with enough particularity that the accused is able to prepare a defense. United States v. Serino, 835 F.2d 924, 929 (1st Cir. 1987). Here, the indictment charged Rodriguez with conspiracy to possess and with possession of more than five kilograms of cocaine with intent to distribute it.  In addition, the indictment specifically referred to the statutes describing those offenses. Nothing more was required and, even if it were, by pleading guilty Rodriguez waived all non-jurisdictional defects in his indictment. See Valencia v. United States, 923 F.2d 917, 920 (1st Cir. 1991) ("It is well settled that a valid guilty plea waives all non-jurisdictional defects in the indictment") (internal citations omitted).

II.  Voluntariness of Plea

Rodriguez's claim that his guilty plea was entered without a full understanding of the nature of the charges, that he was

coerced,  and that he was in a "drug-induced state" at the time of his plea are procedurally barred because Rodriguez has shown neither cause nor prejudice for his failure to raise this claim on direct appeal, see Bousley, 523 U.S. at 621, 118 S.Ct. at 1610. Moreover, those claims are flatly contradicted by the record.

At the plea hearing, the nature of the charges and the elements that the government would be required to prove were explained, in detail, to Rodriguez and he stated that he understood them.  Rodriguez also told the Court that no one had "made any threats of any kind against [him] that have caused [him] to decide to plead guilty" and that his decision to plead was voluntary. (Plea Tr. at 10).  Finally, Rodriguez told the Court that the only medication he was taking was one designed to prevent tuberculosis and that he was able to think clearly and understand what was going on. (Id. at 7).

III.    The Sentence

Rodriguez claims that his guideline range should have been reduced, pursuant to U.S.S.G. § 3B1.2, on the ground that he played only a minor or minimal role in the offense and that his counsel was ineffective in failing to argue for such an adjustment. However, once again, Rodriguez has failed to show either cause or prejudice excusing his failure to raise this claim on appeal.

In any event, the claim is without merit. A downward adjustment for minor role applies only where the defendant "'is less culpable than most others involved in the offense of

-4-

conviction and less culpable than most other miscreants convicted of comparable crimes.'" <u>United States v. Tom</u>, 330 F.3d 83, 95 (1st Cir. 2003)(citations omitted). Here, Rodriguez transferred the entire amount of cocaine from a vehicle being driven by one of his co-conspirators, transported it to another location and was in the process of delivering it to a third co-conspirator when he was arrested. In short, Rodriguez was a full participant in the drug transaction.

Rodriguez also claims that the Court failed to provide him with notice that it intended to impose a sentence above the applicable guideline range but, as already noted, the sentence was at the low end of the range.

Finally, Rodriguez claims that his Sixth Amendment rights were violated because the facts on which his sentence was based were determined by the Court and not by a jury. In support of that claim he cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) but neither has any application to Rodriguez's sentence because they require a jury determination only in cases where the sentence exceeds the maximum authorized by the facts admitted by the defendant in his plea. Here, in the plea agreement and, again, during the plea colloquy, Rodriguez admitted that he had conspired to distribute and that he possessed with intent to distribute 61.44 kilogram of cocaine. Since the maximum penalty for these offenses is life imprisonment

(see 18 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846), Rodriguez's sentence was not greater than the maximum authorized for the conduct to which he admitted.

IV.   Ineffective Assistance

    A.   The Principles

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

> (1)  that his counsel's performance fell below an objective standard of reasonableness; and
>
> (2)  a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65, 2068, 80 L.Ed.2d 674 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. "Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice." Dure v. United States, 127 F.Supp.2d 276, 279 (D.R.I. 2001)(citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993); and Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992)(summary dismissal of § 2255 motion is proper where, inter alia, grounds for relief are based upon bald assertions)).

    B.   The Claims

Rodriguez lists 19 ways in which he claims that his counsel

was ineffective.  Some of those claims rest on arguments that already have been rejected as lacking in merit.  Still other claims are based on assertions that are contradicted by the record.[1]  The remaining claims do not warrant discussion because they are based on vague and unsupported assertions.[2]  See Cody v. United States, 249 F.3d 47, 53, n.6 (1st Cir. 2001)(ineffective assistance raised in perfunctory manner is deemed waived).

### Conclusion

For all of the foregoing reasons, Rodriguez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.


IT IS SO ORDERED:

_Ernest C. Torres_

Ernest C. Torres
Senior United States District Judge
Date:

1/15/09

[1]For example, Rodriguez claims that appellate counsel was ineffective by failing to point out that his 135 month sentence exceeded the 120 maximum when, in fact, the maximum sentence was life imprisonment and 120 months was the statutory minimum. Rodriguez also asserts that counsel was ineffective in not obtaining transcripts of tape recordings or challenging the application of career offender enhancements when, in fact, there were no tape recordings and there was no career offender enhancement.

[2]For example, Rodriguez claims that counsel was deficient in allowing him to plead guilty because the plea was based on perjured testimony but he fails to identify the testimony or state why it was false.  Rodriguez also asserts that his counsel failed to adequately investigate the case but does not explain how counsel's investigation was inadequate or what facts it would have uncovered that may have changed the result.